PER CURIAM:
Claimants brought this action for vehicle damage sustained when their vehicle struck a hole while they were traveling southbound on County Route 3, locally known as Wyatt Road. At this location, County Route 3 is maintained by respondent in Harrison County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on June 3, 2000, at approximately 5:30 p.m. Claimant Stanley K. Shanholtz was driving southbound on County Route 3 in their 1994 Pontiac Bonneville at a speed of thirty to thirty-five miles per hour. Claimant Marsha L. Shanholtz was situated in the front passenger seat.[1] At this location, County Route 3 is a second priority two lane road with no stripes on the road surface. As Mr. Shanholtz drove their vehicle over a slight incline *298 on the road, they came upon a hole in the right side of the road surface. Oncoming traffic prevented him from maneuvering their vehicle around the hole. The front passenger side tire struck the hole. The hole was about three to four feet wide, about one and one-half to two feet long, and was eight to twelve inches deep. Ms. Shanholtz was last on the road about three days prior to the incident and she indicated that she was aware of the hole in question. The impact with the hole burst the front passenger side tire and broke the rim. Since the sustained damage was less than the deductible feature of $500.00 in claimants’ motor vehicle insurance policy, they were responsible for the loss.
The p osition o f r espondent is t hat it did n ot h ave n otice o f t he h ole o n County Route 3 in Harrison County. According to Highway Administrator Michael A. Scott, he was last on the road about one month prior to claimants’ incident. At that time, Mr. Scott acknowledged that the road was in need of repair. However, prior to claimants’ incident respondent had not received any information regarding a problem in the area. After the incident, a crew was dispatched to the scene and the hole was repaired.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive n otice of t he de feet a nd a r easonable t ime tot ake c orrective a ction. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In this claim, the evidence established that respondent had at least constructive if not actual notice of a hazardous condition on County Route 3 and that respondent was negligent in its maintenance of County Route 3 in Harrison County. Notwithstanding this finding of negligence on the part of respondent, the Court is also of the opinion that claimant Stanley K. Shanholtz was negligent in the operation of his vehicle. The Court has determined that Mr. Shanholtz should have been more observant of the existing road conditions. Moreover, Ms. Shanholtz was aware of the hole in the road surface and s he ha d an obligation to inform her husband of the existing road conditions. In a comparative negligence jurisdiction such as West Virginia, the negligence of a claimant may reduce or bar recovery of a claim. The Court finds that the negligence of claimants was equal to or greater than the negligence on the part of respondent and is a complete bar to recovery in this claim.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.

 At the hearing, Claimant Marsha L. Shanholtz was the only witness in the claimants’ case-in-chief.